UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV 2687**

------------------------------------------------

LAUREN E. COVINGTON,

*Judge Casey*

Plaintiff,

-- against --

**NOTICE OF REMOVAL**

METROPOLITAN TRANSPORTATION AUTHORITY,

Defendant.

-------------------------------------------------X

Defendant Metropolitan Transportation Authority (the "Authority" or "MTA"), by the undersigned attorney, states:

1. Defendant desires to exercise its right under 28 U.S.C. §§ 1441 (a), (b) and 1446 to remove this action to this Court from the Supreme Court of the State of New York, County of New York, in which it is pending under the name and style of Lauren E. Covington, plaintiff, against The Metropolitan Transportation Authority, defendant, Index No. 06-103794. This Court is the United States District Court for the district in which the action is pending. Plaintiff has appeared *pro se* in the state court action.

2. The ground for the removal of this action to this Court is that the complaint raises federal questions by asserting federal statutory causes of action as well as violation of plaintiff's rights under the United States Constitution.

3. In that regard, this matter is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Under 28 U.S.C. §§ 1441(a) and (b), defendant is entitled to remove this action from the New York State Supreme Court to this Court.

4. Plaintiff's complaint asserts claims involving alleged conduct, arising out of her employment by MTA as Manager, Business Programs, in the MTA Office of Civil Rights, her

subsequent 2003 leave of absence based upon her medical condition, and the termination of plaintiff's employment in September 2003 based upon her inability to return to work. Plaintiff alleges violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"); and the Fourth and Fourteenth Amendment of the United States Constitution. Plaintiff also alleges that MTA violated her rights under New York State law, and she has asserted claims under the New York Human Rights Law, N.Y. Exec. Law § 296, and for defamation, intentional infliction of emotional distress and negligence.

5.     In accordance with 28 U.S.C. § 1446(a), MTA has attached to this Notice of Removal a copy of the Summons and Complaint as Exhibit A.

6.     This Notice of Removal is timely. Defendant received the Summons and Complaint, by personal service on March 20, 2006. In accordance with 28 U.S.C. § 1446(b), MTA is filing this Notice of Removal within 30 days after its initial receipt of the Summons and Complaint. Should this Court determine that this action was not removable or that MTA improperly removed it, MTA will pay all costs and disbursements incurred by reason of this removal.

7.     MTA will promptly serve written notice of the filing of this Notice or Removal with the Clerk of the New York Supreme Court, County of New York, as required by 28 U.S.C. § 1446(d).

WHEREFORE, this Court should accept jurisdiction of this action and place it on this

Court's docket for further proceedings as though it had been originally commenced in this Court.

Dated: April 6, 2006
        New York, New York

Respectfully submitted,

Office of the General Counsel,
METROPOLITAN TRANSPORTATION
AUTHORITY

By:
   Rhonda J. Moll (RM/1138)

347 Madison Avenue, 9th Floor
New York, NY  10017
(212) 878-1036
Attorney for Defendant

Attached as Exhibit A:  Summons and Complaint

[Print in <u>black</u> ink to fill in the spaces next to the instructions.
This summons _must_ be served with a complaint.]

M.T.A. General Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Received

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

Date: 3/20/06 Time: 3:00 PM

Mail ☐ SUMMONS Personal ☑ _A Cutler_

*LAUREN E. COVINGTON* ,
[Your name(s)]                    Plaintiff(s)

Index Number

-against-

06-103794

*The Metropolitan Transportation Authority*
[Name(s) of party being sued]    Defendant(s)

Date Index No.
purchased
_March 20th_, 200**6**

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: _March 17_, 200 **6**
[Date of summons]

*Lauren E. Covington*
[Sign your name]

*Lauren E. Covington*
[Print your name]

*300 West 53rd St. Apt 2A*
*New York, New York 10019*
[Your address(es) and telephone(s)no.(s)]

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 0 2006

NOT COMPARED
WITH COPY FILED

Defendant(s) _____
[Address(es) of defendant(s)]

Venue: Plaintiff(s) designate(s) New York County as the place of trial.
The basis of this designation is: [Check box that applies]

☑ Plaintiff(s) residence in New York County

☐ Defendant(s) residence in New York County

☐ Other [See CPLR Article 5]:_____

**STATE OF NEW YORK**
SS:
**COUNTY OF NEW YORK**

VERIFICATION

_____LAUREN E. COVINGTON_____ [your name], being

duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the

foregoing complaint and know the contents thereof, the same are true to my

knowledge, except as to matters therein stated to be alleged on information

and belief and as to those matters I believe them to be true.

Sworn to before me on

20 day of March , 2006

_____
Notary Public

**JUAN R. RIVERA**
Notary Public, State of New York
No. 01RI6108672
Qualified in New York County
Commission Expires April 19, 2008

_____
Sign your name before a Notary

_____
Print your name

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 0 2006

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK _ _ _ _ _ _ _ _ _ _ _ _ _x

INDEX NO.
06-103794

LAUREN E. COVINGTON
(YOUR NAME(S))          PLAINTIFF(S)
            - against -

COMPLAINT
Date Filed: March 20, 2006
NEW YORK
COUNTY CLERK'S OFFICE

THE METROPOLITAN TRANSPORTATION AUTHORITY
                    Defendant
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _x

MAR 2 0 2006

TO THE SUPREME COURT OF THE STATE OF NEW YORK

NOT COMPARED
WITH COPY FILED

The complaint of the Plaintiff, Laure E. Covington, respectfully states to the court the following:

1. The Plaintiff herein, LAUREN E. Covington is a resident of the State of New York. Ms. Covington resides at 300 WEST 53rd STREET, Apt. 2A, New York, New York 10019.

2. The Defendant herein, The Metropolitan Transportation, Authority, has a principal place of business at 347 MADISON AVENUE New York, NEW YORK 10017.

3. Plaintiff experienced violations of her rights under the law, by the defendant, the Metropolitan Transportation Authority, from December 1998 to ongoing.

4. Plaintiff experiences various violations of her rights under the law, by the defendant, the Metropolitan Transportation Authority, from December 1998 when she returned to work after disability leave (due to cancer), through September 2003 when her employment was terminated and beyond. These violations include:
   - Discrimination against the plaintiff due to her gender, Age and race in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15§296 - Unlawful discriminatory practices.
   - The Plaintiff experiences retaliation for attempting to file an EEOC complaint with an outside agency in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15§296 - unlawful discriminatory practices - Ongoing violation
   - The Plaintiff is also discriminated against due to her Disability in violation of the Americans with Disabilities Law.
   - Additionally, Plaintiffs Right to Privacy and Personal Autonomy have been disregarded in violation of Plaintiffs right to Privacy under the 14th Amendment.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    INDEX NO.
                                          —————————— x

LAUREN E. COVINGTON
_____
        — against —        Plaintiff(s)                  COMPLAINT

The METROPOLITAN TRANSPORTATION AUTHORITY
— — — — — — — — — — — — — — — — —
                        Defendant
                                       — — — — — — — — — x

4.     Violation of the **IV** AMENDMENT of the Bill of Rights (The
(cont'd)  right to be secure in MY person, house, papers and effects.
       Intrusion - (ongoing violations)

       — Defamation

       — Violation of Age Discrimination in Employment Act of
         1967. Violation of older Workers Benefits Protection Act
         of 1990. Violation of Code Title 29 Chapter 14 - Age
         Discrimination in Employment

       — Intentional Infliction of Emotional Distress

       — Negligence

COUNTY OF NEW YORK — — — — — — — — — — — —X  INDEX NO.

LAUREN E. COVINGTON
                    PLAINTIFF

   — against —                                          COMPLAINT

The METROPOLITAN TRANSPORTATION AUTHORITY
                    Defendant

— — — — — — — — — — — — — — — — — — — — — —X

5. In December 1998, Plaintiff returned to work with a Doctor's note after medical leave due to Cancer. She was weak and had a very weak left arm after surgery, Chemotherapy and Radiation. She asked her Supervisor, her Assistant Director and her Director for a reasonable accomodation of clerical help for filing documents and Contract files. The help could have been obtained at little cost or no cost by utilizing student interns. Her requests were refused at a critical time during her recovery. She received no accomodation in violation of the Americans with Disabilities Act.

6. Plaintiff alleges that from approximately March 1999 to ongoing she became aware of an intrusion into her private affairs including public disclosure of private facts. Plaintiff alleges that almost all of the information obtained and disseminated about her could have only even obtained by monitoring her activities outside of her work location (the MTA Office of Civil Rights). These acts are in violation of Plaintiff's right to Privacy under the 14th amendment. Plaintiff also alleges that the sanctity of her privacy and personal autonomy would have been adhered to if she had been a white male. Plaintiff alleges that she received discriminatory Treatment in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15 § 296 — Unlawful discriminatory practices. INTRUSION. Violation of Privacy 14th amendment.

7. Plaintiff alleges that she was also put into a "False Light". Bogus information was written about Plaintiff to support the monitoring of her personal activities. Plaintiff alleges that she was also held as suspect for abuse of time, although no such abuse occurred (in fact on many occasions, Plaintiff took shortened lunch hours and worked

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK — — — — — — — — —X   INDEX NO.

LAUREN E. COVINGTON
                              PLAINTIFF

      — Against —                          COMPLAINT

The METROPOLITAN TRANSPORTATION AUTHORITY
                        Defendant
— — — — — — — — — — — — — —X

7.   beyond her tour of duty (although she was not allowed to
(cont'd.)   record the additional hours of work on her time card).
     Plaintiff alleges that these actions were part of a
     "witch hunt" to try to build a case to fire her. Plaintiff
     alleges that these actions were due to her gender,
     age and mental disability. These actions are
     therefore in violation of plaintiff's Civil Rights under
     title VII of the Civil Rights Act of 1964 and the
     Human Rights Law, Executive Law, Article 15 § 296 —
     Unlawful Discriminatory practices, and these actions
     are in violation of the Americans with Disabilities
     Law. Intrusion. Violation of Privacy, 14th Amendment. Defamation.

8.   On or about the end of April 2001, Plaintiff was
     told by her Director that the Human Resources
     Department (Benefits) wanted to meet with her. Plaintiff
     was essentially told by Unica George, Assistant
     Manager Benefits, that if Plaintiff wanted to
     remain employed, she needed to resume a full-time
     work schedule. At that time, Plaintiff was
     officially on a 6 hour per day, 5 day work schedule
     and full time work was 7½ per day, Monday to
     Friday. Plaintiff was stunned that she was
     called into HR on this matter because Plaintiff
     was "stretching herself" and working 7½ hours
     whenever she could (working extended hours, which
     her management was fully aware of — but for
     which she was not paid and was not allowed
     to put on her time card). Plaintiff was told that

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK _ _ _ _ _ _ _ _ _ _ _ _ X INDEX NO.

LAUREN E. COVINGTON
        — Against-        PLAINTIFF                    COMPLAINT

The Metropolitan Transportation Authority
                        Defendant
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ X

8.
(cont'd)  Her Director, Kenneth Neal, only wanted full time employees on his payroll. Plaintiff alleges that Her Director had previously told her that he was about to work out a "Special Deal" for a male co-worker who had cancer. Plaintiff stated that tests were being scheduled for her and that she was hopeful that she would be able to work 7½ hours every day. HR received a letter dated May 8, 2001 from Plaintiff's Doctors at Memorial Sloan-Kettering Cancer Center, that she would be undergoing medical examinations and diagnostic scans over the next several weeks and once that evaluation was complete, the MTA would be advised of the Hospitals recommendation regarding Plaintiff's work schedule. Plaintiff returned to work on a full-time basis on July 18, 2001. Plaintiff alleges that her being sent to HR and given an ultimatum was a means to intimidate her. Plaintiff alleges that she was treated in this manner because of her gender, age and disability. Plaintiff alleges that this is in violation of Title VII of the Civil Rights Act of 1964, the Human Rights Law, Executive Law, Article 15 § 296- Unlawful Discriminatory Practices and the Americans with Disabilities Law.

LAUREN E. COVINGTON

Plaintiff(s)

— Against —

The Metropolitan Transportation Authority COMPLAINT

Defendant

— — — — — — — — — — — — — — — —X

9. Plaintiff continued to be watched and monitored and efforts were made by her Supervisor to continue to intimidate her. For example, she was reprimanded for taking a pre-approved day off to attend her Uncles Funeral. She was reprimanded by her Assistant Director for following the instructions of her Supervisor and was not given a chance to defend herself. — And then in the summer of 2002, Plaintiff's Assistant Director and Deputy Director began standing at the entrance to the Office of Civil Rights and checking their watches when she entered the office. Plaintiff alleges that younger co-workers were not treated in this MANNER. On one OCCASION, Plaintiff overheard her Deputy Director. jovially tell a male co-worker that it would be nice if his timesheet reflected the actual time of his arrival. This was totally different from the treatment Plaintiff experienced. Plaintiff alleges that her treatment was discriminatory, that it was due to her gender and age, and therefore in violation of Title VII of the Civil Rights Act of 1964, the Human Rights Law, Executive Law, Article 15 § 296— Unlawful Discriminatory Practices.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK _ _ _ _ _ _ _ _ _ X INDEX NO.

LAUREN E. COVINGTON

Plaintiff(s)

- against -

COMPLAINT

The Metropolitan Transportation Authority

Defendant

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ X

10. Plaintiff notes that in a memo dated October 9, 2002, the MTA Chairman noted that there would be a historic restructuring of the MTA. He noted that it would be the most-sweeping changes in the Authority's 37-year history. After the memo came out, there was talk of Plaintiff's employment being a problem for others -- and if she was gone possibly 2 others would be able to stay. Plaintiff alleges that her coworkers were encouraged, by her supervisors, to monitor her closely (giving them implied authority over her). Her coworkers openly talked to each other about whether she would be terminated and she specifically overheard a conversation between two coworkers where it was mentioned that the Director had been told that if he fired Plaintiff, he would need to make it stick. One coworker, Al Bass, was told that if Plaintiff remained in her position, his job would be at risk. Plaintiff alleges that younger employees were also made to feel that their jobs may be at risk if she remained employed. Plaintiff alleges that this fear about job stability, envy about her salary and labelling her as someone who needed to be watched, was orchestrated by her Director, and in turn, her Deputy Director and Assistant Director. Plaintiff alleges that these actions were due to her gender and age, that they were discriminatory --- and therefore in violation of Title VII of the Civil Rights Act of 1964.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK — — — — — —X  INDEX NO.

LAUREN E. COVINGTON

— against —                    Plaintiff(s)                    COMPLAINT

The Metropolitan Transportation Authority
                            Defendant
— — — — — — — — — — — — — — —X

11.  On one occasion, in late October 2002, Plaintiff found a liquid substance in food that she brought to work for breakfast (vegetarian sausage links). The liquid had not been there when she brought the food in from home. The next day, a male coworker asked her 'Can someone tell if you have Cancer from the person's urine?' and then he laughed. That day and the day after, others chuckled as Plaintiff walked by. Plaintiff found this to be very unsettling. Plaintiff alleges that these actions were taken against her, because she was targeted because of her age and gender, — and in this case race played a factor because Plaintiff alleges that her coworkers would not have dowed treat a white female or white male in this manner. Therefore the actions were discriminatory and in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15§ 296 — Unlawful Discriminatory practices, Intentional Infliction of Emotional Distress.

12.  Plaintiff states that approximately mid November 2002 she went to an outside agency to file an EEOC complaint, but was not able to because she did not have an appointment. Within approximately an hour and a half of her return (from her lunch hour) one of the workers

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - - - - - - - -X    INDEX NO.
LAUREN E. COVINGTON
                    -against        Plaintiff(s)
The Metropolitan Transportation Authority        COMPLAINT
                            Defendant - - - - -X

12. Within the MTA Office of Civil Rights, Division of Equal
(cont'd) Employment Opportunity -- specifically Ellen Theologos,
EEO Specialist/Investigations, stood outside of
Plaintiffs' cubicle and stated 'so shes filing
an EEOC complaint, we'll see about that, etc.'
Plaintiff alleges that this action was an effort
to intimidate her, and therefore in violation
of Title VII of the Civil Rights Act of 1964 and the
Human Rights Law, Executive Law, Article 15 § 296 -
unlawful discriminatory practices. Intentional Infliction of
Emotional Distress.

13. During the next several months after Plaintiff
had attempted to file an EEOC complaint, events
took place at work which were extremely unsettling
and which became threatening, including:
   - Plaintiffs' personal business was discussed
     throughout the office
   - Plaintiffs' personal space was invaded by a
     male co-worker who became increasingly
     hostile
   - Plaintiffs' personal property was damaged
   - Plaintiff was photographed against her
     will by male co-workers on more than one
     occasion.
   - Plaintiff was told to keep her mouth
     by a supervisor
   - Plaintiff was told by a co-worker that if
     Plaintiff was smart, she would not mess
     with the MTA
   - Overt comments by co-workers increased
     including, 'who did Plaintiff think she was'

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK - - - - - - - - - - - - - - -x   INDEX NO.

LAUREN E. COVINGTON
      -against-     plaintiff(s)      COMPLAINT

The Metropolitan Transportation Authority
- - - - - - - - - - - - - - - - - - - - - - - - - -x

13,
(cont'd) — Plaintiff's house keys were missing from her handbag for several hours and then placed on her desk. Plaintiff alleges that all of these incidents and other occurrences were retaliatory and discriminatory (due to gender and age and had racial overtones). These actions are therefore in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15 § 296. Unlawful discriminatory practices, Intentional Infliction of Emotional Distress.

14. During February and March of 2003, Plaintiff met with Sheldon Dixon of MTA Human Resources to express some of her concerns, she also met with Bert Marin, Assistant Director, Office of Civil Rights and Kenneth Neal, Director of the Office of Civil Rights. Plaintiff alleges that these individuals were not responsive to her concerns about the intentional infliction of emotional distress that she experienced in her work environment. Plaintiff alleges that this apparent "indifference" of her bosses was discriminatory and caused her to experience increased extreme anxiety. Plaintiff alleges that this apparent "indifference" was discriminatory (due to her gender and age) and therefore was in violation of Title VII of the Civil Rights Act of 1964 and the Human Rights Law, Executive Law, Article 15 § 296. unlawful discriminatory practices,

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK _ _ _ _ _ _ _ _ _ _ _ _ X    INDEX NO.

LAUREN E. COVINGTON

                    Plaintiff(s)

        — against —                                        COMPLAINT

The Metropolitan Transportation Authority

                    Defendant(s)

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ X

15. Plaintiff states that the last straw came on March 19, 2003, when she overheard A1 Boss talking on the phone, saying that someone was outside "wanting to take care of her". There was discussion about it being lunch time and that there would be too many people around so that they would need to wait until after work or late at night to take care of the plaintiff. Plaintiff became extremely frightened, she left her desk at work and made it to the bathroom where she had her first and intense panic attack, when she was able to pull herself together, she contacted a friend who came to her office location and they contacted the police. The police escorted the plaintiff and her friend outside of the building and drove the two women to the plaintiff's friends car.

16. Due to the sustained harassment Plaintiff experienced in the MTA Office of Civil Rights over the course of 4 years, coupled with the mental shock that Plaintiff experienced overhearing a coworker stating that someone would "take care of her" after work or late at night, Plaintiff became increasingly traumatized and wound up homebound with a host of psychiatric symptoms.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK ─ ─ ─ ─ ─ ─ ─ ─ ─ ─X INDEX NO.

LAUREN E. COVINGTON

Plaintiff(s)                                    COMPLAINT

The Metropolitan Transportation Authority
─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ Defendant(s)

**16.**
**(cont'd.)**  Plaintiff has sought treatment from mental health professionals and while her symptoms have decreased, they are still present. Nevertheless, plaintiff remains unable to leave her apartment due to her generalized fear of people.

**17.**  Plaintiff alleges that she was wrongfully terminated on September 19, 2003 due to:
  ─ retaliation for the complaints she made to management and her attempt to file an EEOC complaint with an outside agency
  ─ due also to Plaintiff's gender, age, and disability (which was a result of Intentional Infliction of emotional distress directed at plaintiff while employed at the MTA Office of Civil Rights).

Plaintiff also states that her termination letter wrongfully states that she advised Sheldon Dixon that 'she did not intend to return to work at the MTA Office of Civil Rights.' Plaintiff stated that she told Sheldon Dixon (Assistant Director, Staffing & Employee Relations, MTA) that Plaintiff was not medically able to return to work at that time. Plaintiff alleges that the termination of her employment was discriminatory and therefore, in violation of Title VII of the Civil Rights Act of 1964, the Human Rights Law, Executive Law, Article 15 § 296 ─ unlawful discriminatory practices and also in violation of the Americans with Disabilities Law.

SUPREME COURT OF THE State of New York

COUNTY OF NEW YORK _ _ _ _ _ X          INDEX NO.

LAUREN E. COVINGTON

plaintiff(s)                              COMPLAINT

— against—

The Metropolitan Transportation Authority

_ _ _ _ _ _ _ _ _ _ _ _ _ X

18.  Plaintiff states that her Mental State continues to be negatively impacted by what she alleges to be the MTA's lack of responsiveness/Negligence to her requests for a thorough investigation into the harassment she was subjected to and her concerns regarding her personal safety. The plaintiff's requests for Corrective action included both verbal and written requests, including:
  — Request that the MTA Inspector General's office investigate the harassment and threat to her personal safety (verbal request)
  — Written request made to Kenneth Neal, Director Office of Civil Rights dated 4/14/03
  — Written request to Katherine Lapp dated 6/16/03. Ms Lapp is the MTA Executive Director.
  — Request to Governor Pataki, dated June 3, 2004

The MTA, alleges Plaintiff, is in violation of its own policy of "Administering all personnel policies, practices, and benefits of employment in a NON-discriminatory manner. Plaintiff states that the MTA failed to do something which a reasonably prudent employer would do and therefore the MTA is Negligent.

19.  Plaintiff also states that she continues to be monitored. She alleges that her telephone is tapped and her use of the internet is being video taped. This is in violation of plaintiff's right to privacy under the 14th amendment, violation of the IV amendment of the Bill of Rights. Intrusion. Plaintiff also alleges that her personal private business continues to be loosely and negligently discussed with individuals who do not have any rights to her private personal information. In violation of the 14th amendment, right to privacy. The IV amendment to the Bill of Rights. Intrusion.

SUPREME COURT OF THE STATE OF New York
COUNTY OF NEW YORK
————————————————————X  INDEX NO.

LAUREN E. COVINGTON
                    plaintiff(s)          COMPLAINT
         —against—
The Metropolitan Transportation Authority
—————————————————————————X

19.     Plaintiff also alleges that if she were a white
(cont'd)  male, her personal private information would be
        handled with more care. Plaintiff alleges a
        violation of Title VII of the Civil Rights Act of
        1964 and the Human Rights Law, Executive Law,
        Article 15 §296 – Unlawful Discriminory Practices

20.     Plaintiff alleges that she continues to be defamed,
        in an effort to obtain additional private, personal
        information about plaintiff (she is put in a false
        light). Defamation.

21.     By reason of the facts and circumstances stated
        above, plaintiff has been damaged by defendants.
        Plaintiff has experienced a chronic high anxiety level,
        depression, panic attacks, disturbed sleep and
        appetite, generalized fear and mistrust of others.
        Plaintiff has Agoraphobia and Post Traumatic Stress
        Disorder. Plaintiff has been damaged by
        defendant and requests back pay of $271,800
        and forward pay of $453,000 plus interest as
        appropriate, together with any other relief this
        court finds to be just and proper. Lauren E. Covington
                                              Lauren E. Covington
                                                 SIGN NAME
                                            . LAUREN E. COVINGTON
                                            .. 300 West 53ND St. Apt 2A
Dated: March 17, 2006                       New York, New York
                                                         10019

Lauren E. Covington v. MTA

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
     )ss.:
COUNTY OF NEW YORK     )

I, **Robin Lowery**, being duly sworn deposes and says:

I am not a party to this action, am over the age of eighteen (18) years of age and reside in the County of Bronx, New York.

On April 6, 2006, I served a copy of Notice of Removal upon:

Lauren E. Covington
300 West 53rd Street Apt. 2A
New York, NY 10019

by depositing one true copy of the same securely enclosed in a post-paid wrapper, in a post office box regularly maintained by the United States Government directed to said attorneys this being the address previously designated by said attorneys for the purpose of delivering papers in this action.

Robin Lowery

Sworn to me before this
6th day of April, 2006

NOTARY PUBLIC

MARILYN L. LUND
Notary Public, State of New York
No. 01LU6033464
Qualified in Queens County
Commission Expires January 9, 20 _10_